

Villanova University School of Law Digital Repository

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-12-2009

# USA v. McGurn

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3322

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. McGurn" (2009). *2009 Decisions.* Paper 2058.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/2058

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-3322

UNITED STATES OF AMERICA

v.

LAMAR MCGURN,

Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court  No. 05-cr-00598-12
District Judge: The Honorable Michael M. Baylson

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 12, 2008

Before: MCKEE, SMITH, and ROTH, *Circuit Judges*

(Filed: January 12, 2009)

OPINION

SMITH, *Circuit Judge.*

A grand jury in the Eastern District of Pennsylvania returned a multi-count, multi-

defendant superceding indictment in March of 2006, charging Lamar McGurn with a

1

single count of conspiring to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846. McGurn and two others proceeded to trial, during which the government orally amended the amount of cocaine to 500 grams. A jury found McGurn guilty of the amended § 846 conspiracy charge. The United States District Court for the Eastern District of Pennsylvania sentenced McGurn to, *inter alia*, 360 months of incarceration. McGurn appealed, challenging both his conviction and sentence. The District Court had jurisdiction under 18 U.S.C. § 3231. Appellate jurisdiction exists under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). *See United States v. Cooper*, 437 F.3d 324, 327-28 (3d Cir. 2006). For the reasons set forth below, we will affirm.

McGurn contends that his conviction should be set aside because the District Court erred by: (1) denying his motion to sever his trial from that of his co-defendants; (2) denying his motion for acquittal under Federal Rule of Criminal Procedure 29; and (3) failing to properly charge the jury that a buyer-seller relationship is insufficient to establish a conspiracy. The District Court also erred, according to McGurn, in sentencing him to 360 months, by failing to depart downward in his criminal history category. McGurn also asserts that his sentence is unreasonable, and is disproportional to his crime and violative of the Eighth Amendment prohibition on cruel and unusual punishment.

We review a District Court's refusal to grant a severance for an abuse of discretion. *Zafiro v. United States*, 506 U.S. 534, 539-40 (1993); *United States v. Hart*, 273 F.3d 363, 369-70 (3d Cir. 2001). "[E]ven with an abuse of discretion, reversal is not

2

required absent 'clear and substantial prejudice' resulting in a manifestly unfair trial." *Hart*, 273 F.3d at 370. McGurn contends that the superceding indictment charged him with only one count of conspiring to distribute cocaine with Sherrod Robinson ("McGurn conspiracy"), while the other counts of the superceding indictment pertained to a separate conspiracy, involving Robinson, Robinson's father, Michael Harris, and James Whitted, one of his co-defendants at trial and others ("Harris conspiracy"). McGurn claims that the evidence from the Harris conspiracy spilled over to the McGurn conspiracy and prejudiced his defense, as the jury was unable to compartmentalize the evidence relevant to the charge against him.

We find no abuse of discretion by the District Court in denying the motion to sever the charge against McGurn. The two conspiracies were related. Robinson's status in the Harris conspiracy established his knowledge of the business of selling cocaine and explained why, after the rift with his father, he worked more with McGurn. This evidence was relevant to the conspiracy charge against McGurn, and we fail to find any prejudice which would warrant setting aside his conviction.

McGurn asserts that the District Court should have granted his Rule 29 motion as the evidence was insufficient to establish the conspiracy offense charged. We have plenary review of a district court's ruling on a motion for judgment of acquittal. *United States v. Smith*, 294 F.3d 473, 477 (3d Cir. 2002). We "must sustain the verdict if there is substantial evidence, viewed in the light most favorable to the Government, to uphold the

3

jury's decision." *Burks v. United States*, 437 U.S. 1, 16 (1978) (internal citation and quotation marks omitted).

According to McGurn, the evidence did not establish an agreement to work together to achieve a common goal; an element that is critical to a § 846 conspiracy charge. *See United States v. Gibbs*, 190 F.3d 188, 197 (3d Cir. 1999). At best, McGurn submits, the evidence showed nothing more than that Robinson was a seller and he was a buyer. In *Gibbs*, we noted that "[i]t is well-settled that a simple buyer-seller relationship, without any prior or contemporaneous understanding beyond the sales agreement itself, is insufficient to establish that the buyer was a member of the seller's conspiracy." *Id.* Here, Robinson's testimony described more than a simple buyer-seller relationship.

Robinson testified how he sold increasing amounts of cocaine to McGurn several times a week, often on credit, for more than nine months. On one occasion, Robinson extended credit in the amount of $3,250.00 for the cocaine he gave to McGurn. In light of McGurn's debt, Robinson described how he re-rocked the cocaine, at McGurn's request, to yield more of the product for sale. McGurn was not only present during at least one such re-rocking process – which reflects trust on Robinson's part – he also obtained at a subsequent date the acetone necessary to complete the process. At one point in time, when cocaine was not readily available, McGurn contacted a supplier he knew to obtain cocaine for Robinson and himself. On another occasion, when Robinson's supplier overdosed and died, Robinson advised McGurn of these facts so he would

4

understand why the supply of cocaine was limited. The above evidence is more than sufficient for a reasonable jury to find beyond a reasonable doubt the essential elements of a § 846 conspiracy and that the conspiracy involved more than 500 grams of cocaine. *Id.* at 199; *see also United States v. Iglesias*, 535 F.3d 150, 155 (3d Cir. 2008).

McGurn also seeks to set aside his conviction on the basis that the District Court erred by rejecting his proposed jury instruction regarding the fact that a conspiracy requires more than just a buyer-seller relationship. He admits that his proposed instruction is similar to the instruction given by the Court. The Court's instruction was inadequate, McGurn explains, because it implied that the buyer-seller relationship applies only when there is a single sale.

In *United States v. Hoffecker*, 530 F.3d 137 (3d Cir. 2008), we reiterated that "[w]e review a district court's decisions regarding jury instructions for abuse of discretion" and that "[w]e will order a new trial on account of a district court's refusal to give a proposed jury instruction 'only when the requested instruction was correct, not substantially covered by the instructions given, and was so consequential that the refusal to give the instruction was prejudicial to the defendant.'" *Id.* at 167 (internal citation omitted). Because the Court's charge substantially covered the contents of the proposed instruction and did not imply that the buyer-seller relationship was limited to a single sale, we conclude that the District Court did not abuse its discretion in declining to use McGurn's proposed instruction. For the above reasons, we will affirm McGurn's conviction.

McGurn also challenged his sentence on several grounds, none of which are meritorious. The record confirms that the District Court did not err in its determination that McGurn was a career criminal. As a result, the offense level was enhanced to 37 and the criminal history category was enhanced to a category VI, yielding a guideline range of 360 months to life.[1] This range was consonant with the statutory term of not less than ten years and not more than life imprisonment. 21 U.S.C. § 841(b)(1)(B). Because the sentence of 360 months of imprisonment is at the lower end of the guideline range, it is presumed to be reasonable. *Gall v. United States*, 128 S. Ct. 587, 597 (2007). In light of the District Court's thoughtful consideration of the sentencing factors in 18 U.S.C. § 3553(a) before pronouncing McGurn's sentence to 360 months of imprisonment, we reject McGurn's claim that his sentence is unreasonable. Given McGurn's criminal history, which the District Court noted included a murder conviction, we also reject McGurn's contention that his sentence is grossly disproportionate to his offense of conviction and violative of the Eighth Amendment prohibition of cruel and unusual punishment. *See Ewing v. California*, 538 U.S. 11, 30 (2003).

For the reasons set forth above, we will affirm the judgment of the District Court.

---

[1]Because the District Court was aware that it had the authority to depart downward on McGurn's criminal history category, we lack jurisdiction to consider McGurn's argument that the Court erred by refusing to do so. *United States v. Cooper*, 437 F.3d 324, 332-33 (3d Cir. 2006).